FIRST NATIONAL BANK OF FREDERIC, WIS., Appellant,
v. McILVAINE et al., Respondents.

(139 N. W. 597.)

**Appeal—Dismissal of Appeal—Substantial Right in Controversy—Lien of Judgment—Second Action—Subjecting Realty to Judgment.**

Pending a stay of judgment for money, plaintiff, judgment creditor, commenced a second action to subject defendant's realty, alleged to have been conveyed to his wife to hinder and delay creditor's, to said judgment, and filed a lis pendens affecting the realty so conveyed. The trial court, upon defendants' motion, dismissed the second action and discharging the lis pendens, on the ground that the action violated the stay

order in the first action, and from said order of dismissal plaintiff appealed. Defendant subsequently appealed in the first action, and moved to dismiss plaintiff's appeal from said order in the second action, on the ground that that appeal affected no substantial right. **Held,** that, as the second action and filing of lis pendens preserved the lien of the judgment in first action upon realty described in the second, plaintiff, before satisfaction of judgment, or final adverse judgment in the first action, had a substantial right, notwithstanding the supersedeas bond given by defendant on the appeal from said judgment, and that the motion to dismiss appeal should be denied.

(Opinion filed January 6, 1913.)

Appeal from Circuit Court, Beadle County.   Hon. ALVA E. TAYLOR, Judge.

Action by First National Bank of Frederic, Wisconsin, against C. N. McIlvaine and another. From an order dismissing the action, plaintiff appeals. Motion to dismiss appeal denied.

*A. W. Wilmarth,* for Appellant.

It will be noticed that the stay order of May 27, 1912, (Page 20 of Record) reads as follows: "Ordered that a stay of all proceedings in this action, except the entry of judgment and taxation of costs be had for a period of sixty days .........". Therefore, unless the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine is a proceeding in the action of the case of Bank v. C. N. McIlvaine, the former action is not a violation of the stay order in the latter.

The recitals in the order of the court of July 26, 1912, (Pages 48-50 Record) show that the court regarded the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine as the same action as that of Bank vs. C. N. McIlvaine. The order recites: ".......... and it appearing to the Court that this action is an action in the nature of a creditor's bill brought for the purpose of enforcing a judgment rendered against the defendant C. N. McIlvaine in an action brought in this court entitled First National Bank of Frederic, Wisconsin, a corporation, vs. C. N. McIlvaine, Defendant.."; also "....and it appearing that the present action is for the purpose of attempting to enforce said judgment in violation of the order of this court and that the same is auxiliary and supplemental to said action...........".

The action of Bank v. C. N. McIlvaine and Sara T. McIlvaine is not the same action as that of Bank vs. C. N. McIlvaine.

In the first place the parties to the actions are different. Sara T. McIlvaine was not a party to the action of Bank vs. C. N. McIlvaine and was in no way bound by the judgment therein. Secondly, the relief asked in the two cases was different. The case of Bank v. C. N. McIlvaine was a legal action for the recovery of money due on some notes. The case of Bank vs. C. N. McIlvaine and Sara T. McIlvaine was an action in equity asking that the property conveyed by the defendant, C. N. McIlvaine, to defendant Sara T. McIlvaine (which conveyance was under the allegations of the complaint either fraudulent or such as to constitute her a trustee) be reconveyed to said C. N. McIlvaine. These two causes of action were essentially different. They were so different, in fact, that they could not have been united under Section 144 Code of Civil Procedure for the reason that the first cause of action would not have affected all of the parties to the action.

If then, the action of Bank vs. C. N. McIlvaine and Sara T. McIlvaine was a different action from that of Bank vs. C. N. McIlvaine, it would be governed and can only be disposed of in the manner provided for in Chapt. 12 Code of Civil Procedure, and the court had no authority to dismiss the action on an ex parte motion such as that contained in the affidavit of A. K. Gardner. (Pages 51 to 53 of Record). If defendants were of the opinion that plaintiff's action could not be maintained the proper course for them was to demur to or answer the complaint. Section 120 Code of Civil Procedure.

The action of Bank v. C. N. McIlvaine and Sara T. McIlvaine was for the purpose of preserving the property of C. N. McIlvaine from passing beyond the reach of his creditors and to that end compelling the defendant, Sara T. McIlvaine, to reconvey the property in question to the defendant, C. N. McIlvaine, whereupon the judgment would be a lien thereon without any action by his creditors. Defendants contend that this action could be maintained only after the stay in the case of Bank v. C. N. McIlvaine had expired. As the defendant in the last mentioned case has appealed to this Court from the judgment rendered therein and has put up a supersedeas bond operating as a stay, plaintiff could not, under defendants' theory, maintain the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine until this court has decided defendant's appeal in the case of Bank v. C. N. McIlvaine. In the

meantime there would be nothing whatever to prevent the defendant, Sara T. McIlvaine, from conveying the land in question to an innocent purchaser. It would be unreasonable to put such a construction on the stay order of May 27, 1912, as is contended for by defendants, which would result so inequitably to plaintiff, by permitting the defendant, Sara T. McIlvaine, to convey the defendant, C. N. McIlvaine's property in her name to innocent third parties, and thus put it beyond the reach of the C. N. McIlvaine creditors.

If, as appellant contends in its first assignment of error, the court erred in its order of July 26, 1912, dismissing the action of Bank vs. C. N. McIlvaine and Sara T. McIlvaine, the court for the same reasons as are there set out, erred in ordering cancelled the notice of lis pendens in said action filed with the Register of Deeds in and for Beadle County, State of South Dakota, on the 21st day of June, 1912.

Where a creditor has a judgment which is a lien upon property, he has a right to maintain an action to have that property subjected to the satisfaction of such judgment. Ziska vs. Ziska, 20 Okla. 634, 23 L. R. A. (N. S.) 1. And where as in this state, a husband and wife may convey property to and from each other and property is conveyed from one to the other without consideration which conveyance is without any other apparent reason, the party having the legal title is the trustee of the one making the conveyance and holds the property in trust for him. Under such circumstances a creditor has a right to proceed to have such property declared to be that of a rightful owner regardless of the legal title, and in this case under the circumstances of the conveyance of this property from C. N. McIlvaine to Sara T. McIlvaine, C. N. McIlvaine has a resulting trust in this real property the legal title to which is in his wife. Taney vs. O'Conell (Colo.) 27 Pac. 888.

This proceeding therefore is not to discover property but to prevent property already discovered from being frittered away, dissipated and put beyond the reach of creditors during intermediate proceedings which delay a levy upon this property, consisting of stays, appeals and the like. The proceeding of the First National Bank of Frederic vs. C. N. McIlvaine and Sara T. McIlvaine, therefore, is an independent action and the former action having

been completed and ended so far as the lower court was concerned, it had no right under the assumption of further proceedings in the first action to dismiss the latter, and erred in so doing.

The plaintiff in this action is not asking that this property be subjected to and sold upon an execution. It is only asking that this property be preserved and held intact as the property of the defendant, C. N. McIlvaine pending the dilatory proceedings inaugurated by the defendant to prevent the final issuing of an execution against this identical property which by this proceeding the plaintiff asks to preserve from dissipation and conversely to prevent the defendant from causing it to disappear or pass beyond the reach of the plaintiff's judgment when the defendant reaches the end of delay in preventing this property from being sold upon execution.

*Gardner & Churchill,* for Respondents.

The order staying all proceedings required plaintiff to desist until such order were modified or had expired. Uhe v. C. M. & St. P. Ry. Co., 3 S. D. 563; Uhe vs. C. M. & St. P. Ry. Co., 4 S. D., 505; Yeager v. Wright (Ind.) 13 N. E., 707; Ackerman v. Mfg. Co., 16 Wis., 155; 20 Enc. Pl. and Prac., pp. 1209-1210.

The order staying proceedings in the case of Bank v. McIlvaine provides that "a stay of all proceedings in this action, except the entry of judgment and taxation of costs, be had for a period of sixty days from this date." (Statement of Facts, p. 3.)

The manifest purpose of the order was to preserve the case in statu quo for a period of sixty days, for the purpose of permitting the defendant to prepare a proper record for motion for new trial. An order of this character was considered by this court in Uhe v. Railway Company, 3 S. D., 563, and same case reported in 4 S. D. 506; Ackerman v. Mfg. Co., 16 Wis., 155; 20 Enc. Pl. and Prac. supra.

Suit in the nature of a creditor's bill is not an independent action, but is ancillary to the judgment upon which it is founded. Houghton v. Axelsson (Kans.) 67 Pac. 825; Hatch v. Dorr, 4 McLean (U. S.) 102; Chicago Bridge Co. v. Anglo-Am. Co., 46 Fed. 584.

In this case, the plaintiff, notwithstanding the stay order entered in the original action, brought this action in the nature of a creditor's bill for the avowed purpose of collecting the judgment

obtained in the original action. The prayer of the complaint, after asking that the defendant Sara T. McIlvaine be declared a trustee for C. N. McIlvaine, proceeds as follows:

"That she be required to convey said lots to her said husband, C. N. McIlvaine, and that the same be sold to pay plaintiff's judgment." (Statement of Facts p. 16.)

The only possible interest which the plaintiff has in any of the property mentioned in this complaint as standing in the name of Sara T. McIlvaine is to secure a payment of its judgment. The plaintiff does not assert any other right. It appears from the allegations of the complaint that payment of the judgment could not be enforced in the ordinary proceeding by the issuance and levy of execution, and therefore resort is had to the equity side of the court to enforce the payment of said judgment by extraordinary means.

In Hatch v. Dorr, supra, a creditor's bill is defined as: "not an original suit, but is a continuation of former contioversy."

In Houghton v. Axelesson, supra: "Creditor's bills in their most comprehensive sense are bills in equity by creditors to enforce the payment of debts out of property of debtors under circumstances which impede or render impossible the collection of the debt by the ordinary process of execution." 5 Enc. Pl. & Prac. 391. They are in the nature of proceedings in rem rather than in personam, and are used to make effective a judgment held by a creditor against the property of the debtor which is covered up or in some way involved. They are in their nature auxiliary and not original proceedings." 5 Enc. Pl. and Prac., 391.

If, as suggested by counsel, it was desirable to bring the present action for the purpose of subjecting the property standing in the name of the defendant, Sara T. McIlvaine to the lien of plaintiff's judgment, so that the property might not be conveyed to innocent purchasers, the remedy was by motion on proper showing to have the stay order modified.

If this proceeding were in good faith for the purpose of preserving or securing a lien on such property, then certainly on appeal from the order of dismissal, a supersedeas would have been given. As it now stands defendant Sara T. McIlvaine could convey this property to the innocent purchaser of whom counsel profess to be in fear.

Plaintiff was not without remedy, as counsel would have it appear, but so long as this stay order, absolute in its terms, remained unmodified, the commencement and maintainance of this action was in plain violation of it, and it was the duty of the court to require that this proceeding be dismissed as a violation of its order. Treat v. Wilson, (Kans.) 46 Pac. 322; Oakes v. Williams, 107 Ill., 154.

We are not here concerned with the abstract right of the plaintiff to maintain an action in the nature of a creditor's bill. The question is whether by this indirection, it can avoid the order of this court staying all proceedings in the action to which the present is, under all the authorities, simply ancillary. The right and authority of the court to enter the stay order in the first instance is not questioned. The right and authority of the court, sitting both as a court of law and a court of equity, to control and regulate its own process, cannot well be questioned. In this same court, exercising both law and equitable jurisdiction, plaintiff was enjoined from taking any proceeding looking to the collection of his judgment, and this injunction covered not only the law side of the court, but the equitable side, and prevented a resort to either legal or equitable remedies for the enforcement of the judgment.

HANEY, J., On May 27, 1912, in an action wherein the present plaintiff was plaintiff and the present defendant C. N. McIlvaine was defendant, the plaintiff recovered a judgment for $2,599.24 and costs. All proceedings, except the entry of judgment, were stayed for 60 days. Before such stay expired, the present action was begun for the purpose of subjecting certain real property, the record title to which is in the defendant Sara T. McIlvaine, to the payment of the aforesaid judgment on the ground that such realty is, in fact, the property of defendant C. N. McIlvaine; record title thereto having been conveyed to Sara T. McIlvaine to hinder, delay and defraud the former's creditors. Upon motion of the defendants, the court entered an order dismissing the present action and discharging the lis pendens filed therein on the ground that the action was commenced in violation of the order staying proceedings in the first action. From this order the plaintiff appealed. The defendants now move to dismiss this appeal for the reason that the order appealed from no longer affects any substantial right; the defendants having subsequently

appealed from the judgment in the first action and given a supersedeas bond to which no exceptions have been taken by the plaintiff.

The pending motion to dismiss must be denied. The commencement of the second action and the filing of the lis pendens operated to preserve the lien of the judgment in the first action upon the real property described in the second. Whether the plaintiff was entitled to have the lien of its judgment thus preserved is a question of substantial right, notwithstanding the security afforded by the supersedeas bond. Until the plaintiff's judgment shall have been satisfied or it shall have been finally decided that the plaintiff is not entitled to recover in the first action, its right to maintain its second action and to preserve its lien upon all the real property in fact owned by the judgment debtor in the county wherein such judgment is docketed will be a matter of substantial right to be determined when the pending appeal from the order dismissing the second action is heard upon its merits.

The motion to dismiss is denied.